IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 17-CR-30174-SPM-1 |
| DETRICK L. LAYFIELD, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a Motion for Compassionate Release filed by Defendant Detrick L. Layfield. (Doc. 120). For the reasons set forth below, the Court denies the Motion.

## FACTUAL & PROCEDURAL BACKGROUND

Layfield was charged via superseding indictment in 2018 with assault with a dangerous weapon with intent to do bodily harm, possession of contraband by a federal inmate, and obstruction of justice. (Doc. 36). He was found guilty that same year. (Doc. 56). Layfield's Presentence Investigation Report indicated that he had an extensive criminal history, with convictions for assault, wanton endangerment, theft, burglary, making terroristic threats, and felon in possession of a firearm to name a few (Doc. 59). In January 2019, he was sentenced to 92 months' imprisonment consecutively to the undischarged sentence previously imposed. (Docs. 69, 71).

In November 2023, Layfield filed a motion in this Court seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), stating that the Government presented fabricated evidence of a weapon at his trial, he is needed to take care of his wife and three remaining children, and he has been rehabilitated. (Doc. 120).

## APPLICABLE LAW

Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it from the Director of the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the BOP to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

After such a motion is filed, either by the Director of BOP or by the defendant, the Court may reduce the term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i)

The applicable policy statement can be found at U.S.S.G. § 1B1.13. While the policy statement essentially restates § 3582(c)(1)(A), the Application Notes to the policy statement sets forth specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the

defendant; (B) the age of the defendant (over 70), and (C) family circumstances. U.S.S.G. 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C). *Id*. If an inmate can show that one of the eligibility criteria is applicable, a court must then assess whether a reduction would be appropriate under the statutory sentencing factors described in 18 U.S.C. § 3553(a). *Id*. Lastly, a court must determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). *Id*.

Several courts have confronted the issue of whether–in light of the First Step Act and its grant of authority to defendants to file their own compassionate release motion–the "catch all" provision of Subsection D is still limited only to the BOP Director's determination of whether extraordinary and compelling circumstances exist or whether a court may make that determination. The Seventh Circuit Court of Appeals has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *See U.S. v. Gunn,* 980 F.3d 1178, 1180 (7th Cir. 2020). Additionally, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton,* 996 F.3d 485, 488 (7th Cir. 2021).

## ANALYSIS

The Court starts by noting that it does not appear that Layfield exhausted his administrative remedies regarding his arguments of allegedly fabricated

evidence or rehabilitative efforts undertaken. Also, the claim of fabricated evidence is properly brought only in a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, which Layfield has already done in this Court. *See Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019) ("As a general rule, a federal prisoner wishing to collaterally attack his conviction or sentence must do so under § 2255 in the district of conviction."); *see also Layfield v. U.S.*, 2021 WL 3666550 (S.D. Ill. Aug. 18, 2021).

More importantly, while the Court collectively acknowledges the death of one of his children, the need to be with his family at this time, and his rehabilitative efforts as a potential extraordinary and compelling reason, the Court cannot comfortably conclude that Layfield will not present a threat to the community upon release. He has already been imprisoned multiple times over the course of his life, and each time he has returned to the same sort of criminal conduct. In the case at hand, Layfield stabbed another inmate with a makeshift knife simply because that inmate told other inmates that Layfield had not paid his debt for commissary items. He then went to great lengths to attempt to hide the weapon, and he has never taken responsibility for the crimes. For its part, the BOP has identified him as a high-risk for recidivism. All things considered, the Court is not at all comfortable that Layfield will not reoffend if released.

Accordingly, based on a failure to determine that Layfield no longer presents any danger, the Court must deny his motion.

## CONCLUSION

For these reasons, the Motion for Compassionate Release (Doc. 120) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 13, 2024**

> **s/ *Stephen P. McGlynn***
> **STEPHEN P. McGLYNN**
> **U.S. District Judge**